**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> KEVIN JOSEPH HEWITT, <br><br> Defendant-Appellant. | No.    15-50301 <br><br> D.C. No. 3:14-cr-02361-WQH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Kevin Joseph Hewitt appeals from the district court's judgment and

challenges the 32-month sentence imposed following his guilty-plea conviction for

transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hewitt contends that the government engaged in prosecutorial misconduct at sentencing by misrepresenting witnesses' statements and by urging the court to punish Hewitt for exercising his constitutional rights. Because Hewitt failed to raise these allegations of misconduct in the district court, we review for plain error. *See United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015). Even assuming, without deciding, that the prosecutor's statements at sentencing constituted misconduct, Hewitt has not shown that the statements affected his substantial rights. *See id.* at 1037. To the contrary, the record reflects that the district court understood correctly that only one of the illegal aliens was able to identify Hewitt at all and that the court considered only permissible factors when choosing the sentence.

Hewitt also contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Hewitt's contention, the record reflects that the district court properly concluded that Hewitt failed to demonstrate that he was substantially less culpable than the average participant based on information contained in the presentence report, to which Hewitt did not object. Moreover, we are satisfied that the district court's stated rationale for rejecting Hewitt's request

for a reduction remains adequate under Amendment 794, which amended the commentary to the minor role Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). In light of the totality of the circumstances, the district court did not abuse its discretion in determining that Hewitt failed to prove that he was entitled to the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006).

**AFFIRMED.**

15-50301